UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - --- - x
DAVID EGGLESTON and WILLIAM YEAGER,

                                 Plaintiffs,           Case No. 3:20-CV- 0056
        -against-                              (DNH/ML)

CITY OF BINGHAMTON and CLARENCE E.
("CHUCK") SHAGER, JR., INDIVIDUALLY,

                               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

## <u>TABLE OF CONTENTS</u>

Page

PRELIMINARY STATEMENT ................................................................. 1

THE COMPLAINT ................................................................................ 2

ARGUMENT......................................................................................... 3

    POINT I   STANDARD OF REVIEW ................................................. 3

    POINT II   THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE
           FAIR LABOR STANDARDS ACT ......................................... 5

         Plaintiffs are Exempt from Overtime.................................. 5

         Plaintiffs Were Paid on a Salary Basis ............................ 5

         Plaintiffs Meet the Duties Test ......................................... 6

         Plaintiffs Fail to Properly Plead A FLSA Claim................. 9

         FLSA Retaliation ............................................................ 13

    POINT III  THE COMPLAINT FAILS TO STATE A CLAIM UNDER
           SECTIONS 191 AND 193 OF THE NYLL .......................... 15

    POINT IV  THE COMPLAINT FAILS TO STATE A CLAIM  FOR
           BREACH OF CONTRACT ............................................... 15

CONCLUSION ................................................................................... 17

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amponin v. Olayan Am. Corp.*,
   2015 U.S. Dist. LEXIS 31778 (S.D.N.Y. 2015) ........................................................ 12

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937 (2009)................................................................. 3, 4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955 (2007)................................................................. 3, 4

*Bowen v. Baldwin UFSD*,
   2017 U.S. Dist. LEXIS 136374 (E.D.N.Y. 2017) ...................................................... 12

*Bustillos v. Acad. Bus.*,
   2014 U.S. Dist. LEXIS 3980 (S.D.N.Y. 2014) ........................................................ 12

*Cromwell v. New York City Health and Hospitals Corporation*,
   2013 WL 2099252 (S.D.N.Y. 2013) ................................................................... 11

*Dejesus v. HF Management Services, LLC*,
   726 F.3d 85 (2d Cir. 2013)...................................................................... 10, 11

*Fridman v. GCS Computs, LLC.*,
   2018 U.S. Dist. LEXIS 51163 (S.D.N.Y. 2018) ........................................................ 13

*Johnson v. Equinox Holdings, Inc.*,
   2014 U.S. Dist. LEXIS 91786 (S.D.N.Y. 2014) ........................................................ 12

*Lundy v. Catholic Health System of Long Island*,
   711 F.3d 106 (2d Cir. 2013)................................................................... 9, 10, 11

*Nakahata v. New York-Presbyterian Healthcare System, Inc.*,
   723 F.3d 192 (2d Cir. 2013)...................................................................... 10, 11

*Perkins v. 1999 SEIU United Healthcare Workers East*,
   73 F. Supp. 3d 278 (S.D.N.Y. 2014) .................................................................. 13

*Ramos v. City of New York Fire Dept.*,
   2014 U.S. Dist. LEXIS 66449 (S.D.N.Y. 2014) ........................................................ 13

572923.1 3/27/2020

## PRELIMINARY STATEMENT

This is a straight-forward case that can be decided on the pleadings as a matter of law.  At all relevant times, the two Plaintiffs, David Eggleston and William Yeager, were employed by the City of Binghamton as Assistant Chiefs in the Police Bureau. They allege that the City: 1) failed to properly compensate them for overtime in violation of the Fair Labor Standards Act ("FLSA"); 2) "upon information and belief" retaliated against them in violation of the FLSA; 3) failed to honor an alleged verbal agreement they made with the City's Corporation Counsel "and/or" the Police Chief to pay them over and above what the City Council approved in its Code of Ordinances; and 4) violated Sections 191 and 193 of the New York Labor Law ("NYLL").

As will be demonstrated below, Plaintiffs cannot bring claims under the FLSA and its counterpart provisions in the NYLL because they fall within the executive exemption. Indeed, in a prior case, New York's Public Employment Relations Board ("PERB") thoroughly examined the specific job responsibilities of both Plaintiffs and held them to be "managerial".  The findings of fact made by PERB are preclusive in establishing that Plaintiffs meet the "duties test" for the FLSA's executive exemption.

Even if Plaintiffs are not exempt, Plaintiffs have not properly pled an FLSA case under the standards espoused for same by the Second Circuit.  This is because they only allege in the most conclusory fashion that they worked more than 40 hours in any specific workweek.

Plaintiffs' FLSA retaliation claims fail because: they are pled "upon information and belief;" the alleged adverse action occurred prior to the protected activity; and Plaintiffs did not in good-faith engage in protected activity or engage in activity that a reasonable employer would know was a complaint about statutory violations.

Plaintiffs' claims under Sections 191 and 193 of the NYLL fail as a matter of law because those sections -- by the express definitions in the NYLL itself -- do not apply to public employers.

Finally, Plaintiffs' breach of contract claim fails as a matter of law because, even assuming the truth of an alleged verbal agreement, neither the Corporation Counsel nor the Police Chief has the legal authority to enter into a contract on behalf of the City to pay monies that were not appropriated or approved by the City.[1]

## THE COMPLAINT

Though the Complaint spans 147 paragraphs, its salient allegations are brief and summarized here as follows.  From in or around 2008 to July 12, 2019, Plaintiff Eggleston was employed by the City as an Assistant Police Chief (Complaint at ¶ 3). From in or around 2008 to present, Plaintiff Yeager was employed by the City as an Assistant Police Chief (*Id*. at ¶ 5).

Prior to 2010, Plaintiffs were covered by a collective bargaining agreement ("CBA") between the City and the Binghamton Police Benevolent Association ("PBA") (*Id*. at ¶ 20).  That CBA contained various overtime provisions applicable to bargaining unit members, including time awarded in lieu of overtime pay, known as compensatory time or "comp time" (*Id*. at ¶ 22).

In 2010, Plaintiffs were removed from the PBA bargaining unit by PERB (*Id*. at ¶ 30).  The primary consequence of being removed from the bargaining unit was that Plaintiffs were no longer subject to the terms and conditions of employment set forth in the CBA and were not entitled to the benefits contained therein.

---

[1] Defendants vehemently deny any such verbal agreement.  Nonetheless, as we must, the allegation of a verbal agreement is deemed true for the purposes of this motion.

572923.1 3/27/2020

According to the Complaint, despite the City going through the legal proceedings necessary to remove Plaintiffs from the PBA bargaining unit, the City's Corporation Counsel nonetheless agreed to continue to apply the terms of the CBA, including eligibility for overtime/comp time, to the Plaintiffs (*Id*. at ¶ 31).[2]  This is so, according to the Complaint, even though City Council ordinances setting the compensation for the Plaintiffs conferred no such benefits to them.

Sometime in 2019, the City notified Plaintiffs that they were not eligible for comp time because "comp time is not expressly identified as a term or condition of employment in the …City's Charter and Code." (*Id*. at ¶38).   The Complaint further alleges that when Eggleston retired, the City deducted $9,672.59 from his accrued but unused vacation pay (*Id*. at ¶ 47).

The present litigation ensued.

## ARGUMENT

### POINT I

### STANDARD OF REVIEW

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544**,** 127 S. Ct. 1955 (2007), as amplified by *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), sets forth the standard applicable for a motion to dismiss a complaint.

Under the *Twombly* standard, to survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 127 S. Ct. at 1974.  As the U.S. Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

---

[2] The Complaint alleges that the agreement was made between the Plaintiffs and the Corporation Counsel "and/or" the Police Chief.  It is most telling, and legally dispositive, that Plaintiffs cannot identify without speculation who in the City allegedly made this verbal agreement.

572923.1 3/27/2020

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65.   Most pertinent here, one of the primary lynchpins of *Iqbal* is the Supreme Court's view that, while Rule 8 of the Federal Rules of Civil Procedure "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . *it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions*."   *Iqbal*, 129 S. Ct. at 1950 (emphasis added).

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pled factual allegations, accepted as true, "plausibly give rise to an entitlement to relief."   *Id.* at 1950.  The determination as to whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief'" as is required.  *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

As will be demonstrated below, even under its most liberal construction, the Complaint does not state a plausible claim.

4

## POINT II

### THE COMPLAINT FAILS TO STATE A CLAIM UNDER
### THE FAIR LABOR STANDARDS ACT

#### Plaintiffs are Exempt from Overtime

Plaintiffs are exempt executives under the FLSA who are not entitled to overtime. In order to be an exempt executive, an employee must be paid on a salary basis and meet the so-called "duties test" set forth in 29 C.F.R. § 541.100.

#### Plaintiffs Were Paid on a Salary Basis

During the period relevant to this action, the salary basis requirement originally meant that Plaintiffs must have been paid at a rate not less than $455 a week.  The rate was recently increased to $684 a week.  *See* 29 C.F.R. § 541.100 (a)(1).  Plaintiffs cannot plausibly dispute that they have been paid on a salary basis.  This is because Section 124-40 of the City Code, effective July 10, 2010, provides for their yearly salary of $74,635, which has been increased over the years.

We anticipate that Plaintiff Eggleston will argue that he was not paid on a salary basis because on the separation from his employment, the City the deducted $9,672.59 from his owed unused vacation pay. Such an argument would have no merit. *Graziano v. Society of N.Y. Hosp.*, 96 Civ. 2716 (HB), 1997 U.S. Dist. LEXIS 15926, at *1 (S.D.N.Y. Oct. 13, 1997) (finding that, "the policy of deducting vacation, holiday, and sick pay for partial day absences does not render employees non-exempt under the FLSA, even  when such accrued time is subject to cash pay out."); *Webster v. Public School Employees of Washington, Inc.*, 247 F.3d 910, 917 (9th Cir. 2001) (finding that, because the statute refers to salary only, reductions in fringe benefits including "paid

572923.1 3/27/2020

leave time" for partial-day absences do not affect an employee's exempt status under FLSA).

### Plaintiffs Meet the Duties Test

Plaintiffs also meet the duties test set forth in 29 C.F.R. § 541.100 (a)(2)-(4). Under this test, an exempt employee is one: 1) whose primary duty is the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; 2) who customarily and regularly directs the work of two or more other employees; and 3) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.[3]

In opinion FLSA2005-40, the Wage and Hour Division of the United States Department of Labor (DOL) found that positions such as Police Lieutenant and Fire Battalion Chief were exempt under the FLSA because their duties involved supervising subordinates and participating in budget preparation and management.  This opinion is entitled to "considerable deference." *Marcotte v. City of Rochester*, 2016 U.S. Dist. LEXIS 25207 (W.D.N.Y. 2016), *aff'd* 2017 U.S. App. LEXIS 1476 (2d Cir. 2016).

As with the DOL opinion, the Plaintiffs in this case likewise perform duties that make them exempt under the FLSA.  In fact, it has already been established that the two Plaintiffs perform management functions.  In *Matter of City of Binghamton and Binghamton Police Benevolent Association*, 43 PERB  4012 (2010), Administrative Law

---

[3] These same factors also govern whether an employee is an executive under the NYLL. *See Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 556, n.1 (2d Cir. 2012) ("Like the FLSA, the NYLL 'mandates overtime pay and applies the same exemptions as the FLSA.'") *(quoting Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 105 (2d Cir. 2010)).

572923.1 3/27/2020

Judge Burritt, scrupulously examined the duties performed by Mssrs. Eggleston and Yeager.  In concluding that their duties were managerial, ALJ Burritt held:

> I find that Eggleston and Yeagar are managerial because they play a major role in personnel administration that is not of a routine nature.  Eggleston and Yeager take the place of the chief when he is away or otherwise unavailable.  Each is in charge of a group of units and functions of the department and of the overall supervision of all departmental employees in those units and performing those functions.  Eggleston and Yeager evaluate the captains who work in units for which they are responsible.

> In addition, the assistant chiefs represent the department in regular meetings with the City's attorneys in connection with both occupational injury leaves and disciplinary matters. They represent management in labor/management meetings with PBA.  Eggleston, as assistant chief responsible for patrol division, represented management in discussions with PBA about the feasibility of moving to 12-hour shifts.

This decision is entitled to preclusive effect.  Collateral estoppel applies when two basic conditions are met: (1) the issue sought to be precluded is identical to a material issue necessarily decided by a prior proceeding; and (2) the party against whom collateral estoppel is asserted had a full and fair opportunity to contest this issue in the prior proceeding. *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995); *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500-01, 478 N.Y.S.2d 823 (1984); *Schwartz v. Public Adm'r of County of Bronx*, 24 N.Y.2d 65, 298 N.Y.S.2d 955 (1969). "When the doctrine of collateral estoppel is to be applied to the determinations of administrative agencies, New York courts additionally require the agency's determination be 'quasi-judicial' in character." *Doe v. Pfrommer*, 148 F.3d 73, 79 (2d Cir. 1998).

As for establishing the identity of issue necessary for collateral estoppel to apply, "New York law requires only that the issue have [*sic*] been properly raised by the pleadings *or otherwise placed in issue* and actually determined in the prior proceeding."

*Richardson v. City of New York*, 2004 WL 325631, *2 (S.D.N.Y. 2004) (emphasis added; internal quotations and citations omitted) (citing *Halyalkar v. Bd. of Regents*, 72 N.Y.2d 261, 268, 532 N.Y.S.2d 85 (1988)).  Once this requirement has been satisfied, "the opponent of collateral estoppel bear[s] the burden of establishing that he did not have a full and fair opportunity" to litigate the issue in the prior proceeding. *Merchants Mut. Ins. Co. v. Arzillo*, 98 A.D.2d 495, 503 472 N.Y.S.2d 97 (2d Dep't 1984); *Schwartz v. Public Adm'r of the County of Bronx*, 24 N.Y.2d 65, 73, 298 N.Y.S.2d 955 (1969).

As the New York Court of Appeals has held:

> The doctrine of collateral estoppel … precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party …, whether or not the tribunals or causes of action are the same.

*Ryan*, 62 N.Y.2d at 500.  Accordingly, where an issue of fact has been necessarily decided in one proceeding, that issue cannot be relitigated in a subsequent proceeding simply because the plaintiff frames his claim under a different legal theory or cause of action. *Beharry v. M.T.A. New York City Transit Auth.*, 1999 WL 151671, *6 (E.D.N.Y. 1999) ("[O]nce a certain set of facts has been determined in a proceeding, those facts cannot be challenged even when a subsequent proceeding attempts to apply a new legal theory to those facts.").

In the present case, the issue of whether the Plaintiffs performed managerial duties was fully and fairly litigated, and necessarily decided, in a quasi-judicial proceeding before PERB.  That proceeding resulted in PERB determining that Plaintiffs did in fact perform managerial functions -- the precise functions that are also the subject

8

of the executive exemption.[4]   The duties Plaintiffs perform were the exact issue before PERB and it is the exact issue before this Court.

Consequently, because it has already been determined that Plaintiffs perform managerial functions, the overtime claims in the Complaint must be dismissed.   *See Ryan*, *supra*; *see also Payson v. Bd. of Educ. of Mt. Pleasant Cottage Sch.*, 2017 U.S. Dist. LEXIS 154296 (S.D.N.Y. 2017) (applying collateral estoppel to PERB ALJ's findings); *Perry v. Metro. Sub. Bus Auth.*, 390 F. Supp. 2d 251 (E.D.N.Y. 2005) (applying collateral estoppel to PERB decision); *Yoonessi v. State*, 289 A.D.2d 997, 735 N.Y.S.2d 900 (4th Dep't 2001) (applying collateral estoppel to PERB decision).

### Plaintiffs Fail to Properly Plead A FLSA Claim

Even if, *arguendo*, Plaintiffs are not exempt, their FLSA claims are not properly pled under Second Circuit precedent.   The Complaint alleges that Plaintiffs "worked hours in excess of 40 hours in a work week for Defendants City."   *See* Complaint at ¶ 55.   No other detail is provided in the Complaint regarding which, if any, specific weeks Plaintiffs were not properly paid for hours worked.

In three decisions, the Second Circuit has made clear that this type of bare-bones FLSA complaint must be dismissed at the pleading stage.   First, in *Lundy v. Catholic Health System of Long Island*, 711 F.3d 106 (2d Cir. 2013), the Second Circuit affirmed the dismissal of an FLSA case, holding that plaintiff had failed to state a plausible claim despite her assertion that she "typically" missed her meal periods or had them interrupted.   According to the Second Circuit, "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek

---

[4] Section 213.10(b) of PERB's rules provides that a determination issued by an Administrative Law Judge is final unless a party timely files exceptions.   Since neither party filed exceptions to Judge Burritt's determination, it is final.

as well as some uncompensated time in excess of the 40 hours."  *Lundy*, 711 F.3d at 114.  No such allegations have been pled here.

Following *Lundy*, the Second Circuit handed down its decision in *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192 (2d Cir. 2013).   In *Nakahata*, the plaintiffs alleged uncompensated time during meal periods, training sessions and extra shifts.  With more specificity than the Complaint here, the plaintiffs in *Nakahata* alleged that the employer violated the FLSA by automatically deducting "time for meal breaks from employees' paychecks despite consistently requiring employees to work during meal periods."  *Id.* at 196.  The Second Circuit affirmed the dismissal of the complaint at the pleading stage, holding that to "state a plausible FLSA overtime claim, plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."  *Id*. at 201.

Here, there is no specificity as to whether, in any particular week, Plaintiffs actually worked more than 40 hours and were not paid overtime. In this regard, following *Lundy* and *Nakahata*, the Second Circuit yet again affirmed the dismissal of an FLSA claim in *Dejesus v. HF Management Services, LLC*, 726 F.3d 85 (2d Cir. 2013). In *Dejesus*, the plaintiff alleged that she worked more than 40 hours a week during "some or all weeks" of her employment.  *Id*. at 86.  The Second Circuit held that these threadbare allegations, like the ones at issue here, were insufficient to state a claim. The Court held that the complaint failed to "estimate [plaintiff's] hours in any or all weeks or provide any other factual context or content.  Indeed, her complaint was devoid of any numbers to consider beyond those plucked from the statute."  *Id*. at 89.

10

Likewise, Plaintiffs' claims in this case fail because they "allege[ ] neither the number of weeks during which [the City] improperly calculated [their] overtime, nor which weeks they were." *Id*. at n.4. Rather they simply "plucked from the statute" the 40-hour number.

In *Dejesus*, the Second Circuit also expressed particular concern about "the possible use by lawyers representing plaintiffs in [FLSA] cases of standardized, bare-bones complaints against any number of possible defendants whom they have little or no evidence of FLSA violations for the purposes of identifying a few of them who might make suitable defendants – which is to say, the ability to engage in 'fishing expeditions.'" *Id*. at 86. This concern is particularly acute here. Plaintiffs have not identified one single week in which they worked more than forty hours. In fact, they have not pled the actual hours they worked in any specific week, nor have they identified any week in which they were not properly paid for time worked.

Given the edicts set forth in *Lundy*, *Nakahata* and *Dejesus*, this case must be dismissed. As stated by Judge Engelmayer of the Southern District:

> …the Amended Complaint does not point to any *particular* workweek within the limitations period during which Cromwell worked uncompensated time more than 40 hours. The Amended Complaint thus is deficient for the same reason that the allegations… in **Lundy** failed to state a claim. The estimates and approximations here invite the same sort of speculation that the Second Circuit held **"does not amount to a plausible claim under FLSA."** *Lundy* 711 F.3d at 115.

*Cromwell v. New York City Health and Hospitals Corporation*, 2013 WL 2099252 (S.D.N.Y. 2013) (emphasis in the original). Here, too, Plaintiffs have substituted buzzwords for detail, thereby inviting the Court to engage in the "same sort of

speculation that the Second Circuit held does not state a plausible claim under the FLSA." *Id*.

In *Bowen v. Baldwin UFSD*, 2017 U.S. Dist. LEXIS 136374 (E.D.N.Y. 2017), the complaint provided the total number of alleged overtime hours and a chart with dates and hours the overtime was performed.  But, there was no allegation that the plaintiff actually worked 40 hours in a week.  The plaintiff nonetheless asked the court to infer that he worked at least 40 hours based on the fact that he submitted overtime slips. The court held that pleading by implication was insufficient to plausibly state an overtime claim: "Despite the detail with which plaintiff described his overtime work, his allegations did not demonstrate that he allegedly worked such overtime during weeks in which he had already worked 40 hours."

Similarly, in *Amponin v. Olayan Am. Corp.*, 2015 U.S. Dist. LEXIS 31778 (S.D.N.Y. 2015), although the plaintiff stated her start and end time (9 a.m. to 7 p.m. and occasionally later), she failed to connect that with a specific week where she worked such times.  She only generally alleged that she worked over 40 hours in the spring of 2011, which was too vague.  The court could only speculate as to whether she worked more than 40 hours in any particular week without receiving overtime.

Also on point is *Bustillos v. Acad. Bus.*, 2014 U.S. Dist. LEXIS 3980 (S.D.N.Y. 2014) where the plaintiff alleged he regularly worked 60-90 hours per week.  The complaint was dismissed because plaintiff did not provide any factual context from which one could infer that there was "one or more particular workweek(s) in which the plaintiff suffered an overtime violation."  *See also Johnson v. Equinox Holdings, Inc.*, 2014 U.S. Dist. LEXIS 91786 (S.D.N.Y. 2014) (dismissing complaint where plaintiff

alleged he typically worked between 21 and 50 hours per week, with an additional 3-4 hours off the clock"); *Ramos v. City of New York Fire Dept.*, 2014 U.S. Dist. LEXIS 66449 (S.D.N.Y. 2014) (dismissing complaint where plaintiffs alleged they engaged in off-the-clock activities but failed to allege that any such activities occurred during a week when they worked over 40 hours).

Plaintiffs' failure to allege a single work week in which they worked more than 40 hours without required compensation is also fatal to their claims under the New York Labor Law. *See Perkins v. 1999 SEIU United Healthcare Workers East*, 73 F. Supp. 3d 278, 289, n.7 (S.D.N.Y. 2014). *See also Fridman v. GCS Computs, LLC.*, 2018 U.S. Dist. LEXIS 51163 (S.D.N.Y. 2018), where Judge Sweet granted a 12(b)(6) motion dismissing FLSA and NYLL claims, holding:

> Rather, the only allegations relating to overtime in the complaint are when Plaintiff alleges that he "routinely" worked a total of ten or more hours over forty hours per week…Yet at no point in the complaint does Plaintiff allege a single particular week he worked more than forty hours or attempt to estimate the number of overtime hours he worked in any of the weeks employed.

The Complaint here suffers from the same deficiencies and should be dismissed accordingly.

## FLSA RETALIATION

Both Plaintiffs allege – "upon information and belief" – that the City retaliated against them for complaining about the alleged failure to pay them comp time.  These claims fail as a matter of law.

First, the Supreme Court made clear that the doors to discovery are not unlocked upon such factually unsupported allegations.  Consequently, the allegations of retaliation, which are based on information and belief, cannot stave-off the dismissal of

13

the Complaint. *See Henry v. NYC Hosp. Corp.*, 18 F. Supp. 3d 396, 413 (S.D.N.Y. 2014) (allegations of retaliation set forth upon information and belief "fail to satisfy the *Iqbal/Twombly* pleading standard."); *Williams v. Calderoni*, 2012 U.S. Dist LEXIS 28723 (S.D.N.Y. 2012) (pleadings based upon information and belief insufficient where plaintiff pointed to no other information that would render his statements anything more than speculative claims or conclusory assertions.); *aff'd*, 529 Fed. Appx. 89 (2d Cir. 2013). *See also Lepore v. NL Brand Holdings, LLC*, 2017 U.S. Dist. LEXIS 163035 (S.D.N.Y. 2017)(finding that allegation made upon information and belief which "is devoid of any accompanying facts upon which such belief is founded… cannot be accepted as true for the purposes of a motion to dismiss.") c*iting Iqbal*, 556 U.S. at 678 (… [T]he tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions.").

Additionally, there are no well-pled facts making it plausible that Plaintiffs had a good-faith belief that there was a violation of the FLSA or putting the City on reasonable notice that they were complaining about a violation of statutory rights, as opposed to complaining about an alleged verbal agreement or past practice.  Consequently, the retaliation claim must be dismissed. *See Marcotte v. City of New Rochelle*, 677 Fed. Appx. 723 (2017).

Plaintiff Yeager's retaliation claim is fatally flawed on additional grounds.  He contends that the City is demanding that he take an unpaid lunch in retaliation for his alleged complaints.  But, the ordinance about lunch occurred in 2011 (Complaint at ¶32).  Thus, to the extent that having to take an unpaid lunch can be deemed to be adverse action, and because it occurred before any protected activity, it cannot form the

14

basis for a retaliation claim. *See Sternkopf v. White Plains Hosp.*, No. 14-CV-4076 (CS), 2015 U.S. Dist. LEXIS 129996, 2015 WL 5692183, at *9 n. 12 (S.D.N.Y. Sept. 25, 2015) ("In the end, absent any non-conclusory assertions that protected activity occurred before the adverse employment action, all of Plaintiff's retaliation allegations fail to meet the basic plausibility standard of *Iqbal*, 556 U.S. at 678.").

Further, the Complaint alleges that the motivation for the lunch hour ordinance was the Corporation Counsel's belief "that it was consistent with rule or law of the State of New York." (Complaint at para 33). This disproves any claim of retaliatory animus or causation.

## POINT III

### THE COMPLAINT FAILS TO STATE A CLAIM UNDER SECTIONS 191 AND 193 OF THE NYLL

The claims under sections 191 and 193 of the NYLL fail as a matter of law.  The City, as a public employer, cannot be sued for such claims. *See* N.Y. Labor Law § 190(3) ("The term 'employer' shall not include a governmental agency.").

## POINT IV

### THE COMPLAINT FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT

The claims for breach of contract and unjust enrichment have no basis in law. The Complaint acknowledges that the City Charter does not provide for the relief sought in the Complaint.  Instead, the Complaint alleges that Plaintiff had a verbal agreement with the Corporation Counsel "and/or" the Police Chief -- outside of an authorization in the Charter, pursuant to which the City would pay comp time to the Plaintiffs. Assuming, *arguendo*, that there was a verbal agreement, such an agreement would be *ultra vires* and unenforceable.

15

As a threshold matter, since Plaintiffs cannot identify the actual party to the alleged verbal agreement (the Corporation Counsel or the Police Chief), the Complaint fails to satisfy *Iqbal/Twombly* pleading requirements.

Assuming *arguendo* that speculation as to the identity of the contracting party is otherwise sufficient, the Complaint fails to state a claim for breach of contract because neither the Corporation Counsel nor the Police Chief have the authority to bind the City. Indeed, contracts providing for an appropriation of funds, such as employment contracts, require approval from the City Council. Where, as here, there has been no such approval, there can be no enforceable contractual rights. It is axiomatic that a "municipality may not be liable for breach of contract when an official of the municipality exceeded his authority … Nor may [a] plaintiff rely on the doctrine of estoppel to enforce the alleged contract. *See Kerlikowske v. City of Buffalo*, 305 A.D.2d 997, 758 N.Y.S.2d 739 (4th Dep't 2003)(contract signed by President of the Common Council unenforceable where President had no authority to bind the city); *Bewley v. Lockport*, 239 A.D. 751, 263 N.Y.S. 109 (4th Dep't 1933)(contract not approved by city council unenforceable).

Plaintiffs' compensation is set forth in duly enacted ordinances. They cannot make an end run around the City Council by purporting to rely on side deals not matter how vociferously they plead their cause. Were the rule otherwise, back-room deals could eviscerate legislative acts. New York law prohibits such a result whether the claim be framed in contract, unjust enrichment or estoppel. As held by the Court of Appeals:

> Generally, governmental agencies are not subject to the
> defense of estoppel for two reasons. First, the doctrine is

not applied against the government, as a matter of policy, because to do so could easily result in large scale public fraud.  As stated long ago by the United States Supreme Court, "It is better that an individual should now and then suffer [governmental] mistakes, than to introduce a rule against an abuse, of which, by improper collusions, it would be very difficult for the public to correct itself" (*Lee v. Monroe*, 7 Cranch [11 US] 366, 370).  The second, and more fundamental, reason why estoppel is not generally available against the government is that to do so may violate the doctrine of separation of powers.  This consideration is dispositive in the case before us.

*E.F.S. Ventures v.  Foster*, 71 N.Y.2d 359, 526 N.Y.S.2d 56 (1988).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss should be granted by this Court and the Complaint should be dismissed in its entirety.

Dated: March 27, 2020

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By:   /s Michael D. Billok
Michael D. Billok
Bar Roll: 516448
*Attorneys for Defendants*
268 Broadway, Suite 104
Saratoga Springs, NY 12866
(518) 533-3236

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2020 the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Northern District's Local Rules, and/or the Northern District's Rules on Electronic Service upon the following parties and participants:

> Dawn J. Lanouette
> Bar Roll No.:  302595
> *Attorneys for Plaintiffs*
> 80 Exchange Street/PO Box 5250
> Binghamton, NY 13901
> (607) 231-6917
> Email: dlanouette@hhk.com

> BOND, SCHOENECK & KING, PLLC
>
> By: /s/Michael Billok_____
>      Michael Billok
> Bar Roll No.: 516448
> *Attorneys for Defendants*
> 268 Broadway, Suite 104
> Saratoga Springs, NY 12866
> (518) 533-3236

18